

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:06-CR-2** |
| | § | |
| **ERIC RYAN MARTIN** | § | |

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court. The Court now its enters its recommendation that the District Court find that Defendant, Eric Ryan Martin, is competent to stand trial.

A.    Background

On March 9, 2006, pursuant to the motion of counsel, the Court entered its *Order* directing the mental examination of Defendant to determine his competency to stand trial and whether he was insane at the time of alleged offense [Clerk's doc. #27]. In that order, the Court directed that Mr. Martin be committed to the Medical Center for Federal Prisoners , or another suitable facility, for examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C., Sections 4241 and 4242, he is suffering from a mental disease or defect rendering him mentally incompetent

to the extent he is unable to understand the nature and consequences of the proceedings against him and whether he was insane at the time of the alleged offense.

On May 26, 2006, the warden of the Federal Medical Center in Fort Worth, Texas, issued his notification to the Court that an examiner had completed her psychological evaluation of Mr. Martin. Dr. Leslie Powers issued her opinion that Mr. Martin does not suffer from a mental disease or defect which currently would render him unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. The report, which reflects the examiner's opinion in detail and sets forth the corresponding psychological findings, was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government. On June 14, 2006, the Court conducted a competency hearing to address the findings set forth in the report. Neither party objected to the examiner's ultimate finding that Mr. Martin is competent. They also agreed with this Court's recommendation that the Defendant be found competent to stand trial.

### B. Conclusion and Recommendation

Accordingly, based upon the opinion issued by Dr. Powers, forensic evaluator with the Federal Medical Center in Fort Worth, Texas, and the agreement of the parties, the undersigned United States Magistrate recommends that the District Court find Eric Ryan Martin competent to stand trial pursuant to 18 U.S.C. § 4241.

### C. Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of

law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of June, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE